Filed 4/10/23 P. v. Rodriguez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G061568 |
| v. | (Super. Ct. No. 02NF0806) |
| GABRIEL RODRIGUEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge. Affirmed.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*    \*    \*

This is another of the burgeoning *Wende*[1] filings occasioned by recent legislative changes that are, not surprisingly, confusing to people who have not received a legal education. Appellant was convicted in 2003 of attempted premeditated murder; he fired 10 shots at his victim and hit him twice. It was found to be true that he had used a firearm and inflicted great bodily injury. The sentences at issue here are for attempted premeditated murder and firearm usage. He was sentenced to life with the possibility of parole for the attempted murder and 25 years to life for the firearm use. We affirmed his convictions on appeal. (*People v. Rodriguez* (Dec. 14, 2004, G032794) [nonpub. opn.].)

In 2022, appellant filed this action, seeking relief pursuant to newly-enacted Penal Code section 1170.95.[2] Section 1170.95 is the procedural mechanism for implementing legislative changes in California law which narrow the scope of vicarious liability for murder in two ways. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, it reined in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

To obtain relief under the new section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and he would not be liable for murder today because of how the Legislature has redefined that offense. (§ 1170.95, subd. (a).)

---

[1] *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

[2] That statute has since been renumbered as Penal Code section 1172.6. (Stats. 2022, ch. 58, § 10.) Because that change was nonsubstantive and it occurred after appellant's petition was denied, we will cite to Penal Code section 1170.95 for ease of reference. All further statutory references are to the Penal Code.

The trial court appointed counsel for appellant, heard appellant's motion under this section and denied it. He appealed and we appointed counsel to represent him on appeal. Counsel reviewed the record in the case and concluded there was no issue she could argue that had a reasonable chance of success. She did not argue against her client but requested – as the law provides – that we independently review the case and see if *we* could find an issue that might be arguable. (*Wende, supra,* 25 Cal.3d 436.) Appellant was given the opportunity to write to us and tell us what issues he thought might be found in the record but did not respond.

It should be emphasized that a *Wende* review is not for arguments that would necessarily be successful, but merely arguments that could be made, arguments whose proposal would not violate ethical prohibitions about frivolous appeals. Our review of the case was aimed at merely finding something an attorney could ethically argue in favor of reversal. We have made such a review and found nothing.

We have found nothing because appellant does not fall within the terms of the statute he is seeking to apply to his case. There was no application of the felony murder rule or the natural and probable consequences doctrine in his case. The jury was not instructed on those doctrines, and they were not argued by counsel.

The jury found he had personally used a firearm in his crimes. He was the killer. He fired 10 shots, 2 of which hit his victim. Petitioner was not an aider and abettor, he was the actual gunman. He would be guilty of murder under the current law and is therefore ineligible for resentencing under section 1170.95/1172.6. The jury found he attempted murder with premeditation; he is therefore excluded from relief under those sections.

What's more, appellant has already had one appeal. We affirmed his conviction in 2004. This is not his "first appeal of right." Under the recently decided California Supreme Court case of *People v. Delgadillo* (2022) 14 Cal.5th 216, appellant

3

is not entitled to appointed counsel to raise this issue; *Wende* review is not an entitlement for him. Our review, conducted out of an abundance of caution given the novelty of the statutory change which prompted appellant's petition, is more than present law allows him.

   For both these reasons, the judgment is affirmed.


            BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.